995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Ray NEWTON, Defendant-Appellant.
 No. 92-5369.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 20, 1993.
Decided: June 21, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-91-180-N)
 Howard J. Marx, St. Clare, Miller & Marks, Virginia Beach, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Andrew G. McBride, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ronnie Newton appeals from a district court judgment and order sentencing him to 107 months imprisonment based on his convictions for assaulting and conspiring to assault a federal officer, 18 U.S.C. § 371 (1979) and 18 U.S.C. § 111 (1979 & Supp. 1992), and of using a firearm during the commission of a crime of violence. See 18 U.S.C. § 924(c)(1) (1979 & Supp. 1992). We affirm.
 
 
 2
 Initially, we reject Newton's contention that the evidence was not sufficient to support his conspiracy conviction. The government was required to show that Newton had knowledge of a conspiracy and took some action indicating his participation. See United States v. Chorman, 910 F.2d 102 (4th Cir. 1990). Contrary to Newton's contention, the government was not required to prove that Newton would benefit in some way from the conspiracy.
 
 
 3
 Newton admitted to having knowledge of his co-defendants' plan to rob prospective drug purchasers who turned out to be agents for the Drug Enforcement Agency. The testimony of his co-defendants indicated that Newton, after learning of the plan, watched one of the codefendants place a semi-automatic pistol in his pants, and accompanied his armed co-defendant to a pathway where they waited some fifteen to twenty minutes for the prospective purchasers to arrive. Upon their arrival, Newton approached the agent's vehicle with his armed co-defendant, who eventually drew his weapon and pointed it at the agents' vehicle. Based on these facts, a reasonable jury could find that there was a tacit understanding between Newton and his cohorts, see Chorman, 910 F.2d at 109, and thus, there was sufficient evidence to show that Newton was guilty of conspiracy. See Jackson v. Virginia, 443 U.S. 307 (1979); United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982).
 
 
 4
 Newton further contends, however, that he was prejudiced by the trial court's decision to grant the jury's request to rehear the testimony of a co-defendant after the jury had already retired to deliberate. Although the district court has wide discretion to permit trial testimony to be reread to the jury after they have started deliberations, rereading is "disfavored" because of the undue emphasis accorded to such testimony. United States v. Nolan, 700 F.2d 479, 486 (9th Cir.), cert. denied, 462 U.S. 1123 (1983). See also United States v. Padin, 787 F.2d 1071, 1076-77 (6th Cir.), cert. denied, 479 U.S. 823 (1986). Here, the district court properly avoided undue emphasis upon the requested testimony by requiring that the entire testimony, including direct and cross examination, be read. See United States v. Keys, 899 F.2d 983 (10th Cir. 1990). Moreover, defense counsel sought no cautionary instruction regarding the proper evaluation of the disputed testimony. Under these circumstances, we find no abuse of discretion.
 
 
 5
 We find Newton's reliance upon Henry v. United States, 204 F.2d 817 (6th Cir. 1953), to be misplaced. In that case, the Sixth Circuit concluded that the trial judge abused his discretion by permitting the reading of the court transcript containing not only witness testimony, but comments by the trial judge clearly expressing his disbelief of the witness's testimony. No such circumstances exist in this case.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED